## In re Pittsfield Township Supervisor

FLICK, P. J., March 12, 1964.—Before the court are two petitions, each signed by a supervisor of Pittsfield Township and more than 10 residents, and each petition requesting the appointment of a different person to fill the vacancy created on the township board of supervisors caused by the death of Charlie A. Benedict.

On February 2, 1964, Charlie A. Benedict, a duly elected and acting supervisor of Pittsfield Township, died, creating a vacancy on the board of supervisors. The Second Class Township Code of May 1, 1933, P. L. 103, as amended, provides in part as follows: ". . . if a vacancy shall occur in the office by death, . . . a majority of the remaining supervisors may appoint a successor and upon their failure to make such appointment within thirty days after the vacancy occurs, the court of quarter sessions shall appoint a successor, upon presentation of a petition signed by a supervisor and not less than five registered electors. In either case, the successor so appointed shall hold the office for the unexpired term." In the instant case, the remaining supervisors, Carl Durlin, chairman of the board of supervisors, and Roderick Long, secretary-treasurer of the board, failed to appoint a successor to Charlie A. Benedict within 30 days after his death, and each of said remaining supervisors has signed one of the petitions presented to the court.

The petition signed by Carl Durlin also bears the signatures of 80 persons who are recited to be registered electors and residents of Pittsfield Township, and requests the court to appoint Orville G. Loomis to fill the unexpired term of Charlie Benedict. In connection with this petition the court has also received a letter from John S. Smith, justice of the peace in Pittsfield Township, stating that he has known Orville Loomis for many years and recommends his appointment.

The petition signed by Roderick Long also bears the signatures of 17 residents of Pittsfield Township, and requests the court to appoint Clarence Kellogg to fill the unexpired term of Charlie Benedict.

The court has not been able to find any appellate court case dealing with the issue raised by the two petitions or construing the pertinent section of the Second Class Township Code. Several county court decisions are cited in the notes following this section of the township code in 53 PS §65420. None of the cases are very recent, and most of them are not in point. They indicate that the court is responsible for making an investigation when petitioned to make an appointment to fill a vacancy. When there are two petitions the number of signatures on each petition is certainly one fact to be considered. However, it is not a controlling factor. See Sadsbury Township Supervisor, 16 Lanc. 181, 13 York 58 (1899).

The only case which seems to be directly in point is that of Washington Township Supervisors, 7 Northamp. 168, 13 York 176 (1900). In that case the court was required to appoint a supervisor because of a tie vote and the contest was between the two candidates. The note of the court's decision as given in 53 PS §65420 is as follows:

". . . when there is a tie vote for supervisors in a township which is divided into districts for convenience of road supervision, the court, in a contest between the two candidates, other things being equal, will appoint the candidate from the district which has no representative on the board of supervisors. Washington Township Supervisors, 7 North. 168, 13 York, 176, 1900."

In the instant case the County Voting Registration records show that Pittsfield Township is divided into two districts. Charlie Benedict resided in the second district. The two remaining supervisors reside in the first district. As to the persons whose appointment is

requested by the petitions filed, Orville G. Loomis resides in the first district and Clarence Kellogg resides in the second district.

According to the information received by the court, and the investigation which the court has made in connection with this matter, both of the persons whose appointment is requested are Pittsfield Township residents of good character and standing, and either of them could fulfill the duties of the office of township supervisor in a satisfactory manner. If either petition had been the sole petition filed, the court would be well satisfied to appoint the person named therein to fill the vacancy. However, such is not the case and the court must decide between the persons suggested in each of the petitions filed.

In the court's opinion the case above quoted properly states the policy which should be followed. That case holds that "other things being equal," which they certainly are in the instant case in so far as the qualifications of the two suggested persons are concerned, "the person from the district which has no representative on the board of supervisors" will be appointed by the court. In the instant case, if Orville G. Loomis was appointed to fill the vacancy, all three supervisors would reside in the first district of Pittsfield Township. The deceased supervisor resided in the second district of the township and Clarence Kellogg resides in the second district. Therefore the court will appoint Clarence Kellogg to fill the vacancy caused by the death of Charlie A. Benedict.

### Order

And now, March 12, 1964, it appearing that a vacancy exists in the office of township supervisor for Pittsfield Township by reason of the death of Charlie A. Benedict, and the remaining supervisors having failed to appoint a successor, such appointment shall

be made by the court of quarter sessions pursuant to the Second Class Township Code, and two petitions were filed pursuant to law requesting the court to fill said vacancy, and the court having carefully considered the matter and this day handed down an opinion concerning the appointment, now therefore, pursuant to said opinion, it is hereby

Ordered that Clarence Kellogg, a resident of the Second Voting District of Pittsfield Township, is hereby appointed supervisor of Pittsfield Township to hold said office for the unexpired term for which Charlie A. Benedict, deceased, was elected.

Costs of this proceeding shall be paid by Pittsfield Township.